UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATURAH DASHON BLUEARM,<br><br>Defendant. | 4:22-CR-40040-LLP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY<br><br>DOCKET NOS. 22 & 23 |

## INTRODUCTION

Pending before the court is a motion pursuant to Fed. R. Crim. P. 41(g) by defendant Katurah Dashon Bluearm seeking the return of $3,000 cash seized by the government. Docket Nos. 22 & 23. The government resists the motion. Docket No. 27. The district court, the Honorable Lawrence L. Piersol, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

Ms. Bluearm was indicted on a charge of conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine on April 5, 2022. Docket No. 1. She was arrested on April 14, 2022. Docket No.

19.  According to Ms. Bluearm, she had $3,000 in cash at the time of her arrest and law enforcement seized those monies.

She now files a motion seeking the return of that cash.  Docket No. 22.  Initially, she represented to the court that the money had been seized pursuant to a search warrant.  Id.  When the court requested defense counsel to file a copy of the search warrant as a part of Ms. Bluearm's motion, counsel filed an amended motion clarifying that the money was *not* seized pursuant to a search warrant.  Docket No. 23.  Rather, the money was seized incident to Ms. Bluearm's valid arrest on the arrest warrant in this case.  Id.

Ms. Bluearm asserts that she won $1,337.50 in gambling on April 9, 2022.  This assertion is supported by a Form W-2G issued to her from the Royal River Casino on April 9, 2022, indicating that Ms. Bluearm won the stated amount while playing a slot machine.  See Docket No. 23-2.  Ms. Bluearm asserts that $2,000 was received by her on April 4, 2022, from the Cheyenne River Sioux Tribe as payment under a pandemic relief program.  See Docket No. 23-1 at pp. 1 and 3.  Thus, Ms. Bluearm asserts she can demonstrate that the money she had was received from legitimate sources and was not the proceeds of illegal activity.

The government asserts that the $3,000 was seized pursuant to civil forfeiture statutes and that any claims Ms. Bluearm might wish to make for the return of the $3,000 cash must be litigated in that forfeiture action.  Docket No. 27.

## DISCUSSION

Rule 41(g), on which Ms. Bluearm's motion is premised, provides as follows:

> Any person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

See Fed. R. Crim. P. 41(g). Prior to the 2002 amendments to Rule 41, the above provision was located in subsection (e) of Rule 41. 3A Charles A. Wright & Sarah N. Welling, Federal Practice and Procedure, Criminal § 690 at 243 (4th ed. 2010). Therefore, cases prior to 2002 citing to Rule 41(e) are authoritative as well as post-2002 cases citing to Rule 41(g). Id. The Federal Rules of Criminal Procedure do not apply to civil forfeiture proceedings. Fed. R. Crim. P. 1(a)(5)(B).

The government cites to an Eleventh Circuit case which discusses the interplay between civil forfeiture proceedings and motions for return of property under Fed. R. Crim. P. 41(g). Docket No. 27 at p. 2. The Eleventh Circuit holds that where a civil forfeiture proceeding exists, motions for return of property must be made under the umbrella of the civil forfeiture statutes, while Rule 41(g) is reserved for those circumstances where property is seized outside the forfeiture process. United States v. Bryant, 685 Fed. Appx. 855, 856-57 (11th Cir. 2017). A number of other circuits have held that civil forfeiture proceedings are an adequate remedy at law for a person to dispute the

government's possession of seized property and that Rule 41(g) represents an equitable remedy which should only be resorted to where the civil forfeiture proceeding is inadequate to protect the person's property rights. De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006); United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (*per curiam*); Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir. 1989); United States v. Currency $83,310.78, 851 F.2d 1231, 1233-35 (9th Cir. 1988).

In In re Harper, 835 F.2d 1273, 1274-75 (8th Cir. 1988), the court noted that although a defendant was entitled to file a Rule 41(g) motion, the right to file such a motion did not necessarily mean the district court should grant the motion. Rather, the court noted Rule 41(g) sounds in equity, and a court should not exercise this equitable jurisdiction except under "extraordinary" circumstances and that such power "is to be exercised with caution and restraint." Id. at 1274. The court affirmed the district court's denial of the defendant's Rule 41(g) motion where a parallel forfeiture proceeding was had. Id.

In other cases, the Eighth Circuit has held generally that a defendant is not entitled to return of her property under Rule 41(g) where the property is "subject to forfeiture." Jackson v. United States, 526 F.3d 394, 397 (8th Cir. 2008); United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002). When a motion for return of property is made while the criminal prosecution is still pending, the burden is on the movant to show that they are entitled to lawful possession of the property, including that the property is not subject to

4

forfeiture.  United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).  If the motion is made after the conclusion of criminal proceedings, the burden shifts to the government to show it has a legitimate reason to retain the property.  Id.

Here, the government asserts that the $3,000 was seized pursuant to the civil forfeiture statutes.  As the above cases demonstrate, a movant has no right to return of property under Rule 41(g) if the property is the subject of forfeiture proceedings.  Jackson, 526 F.3d at 397; Vanhorn, 296 F.3d 719.  Because the criminal prosecution in this case is still pending, the burden is on Ms. Bluearm to demonstrate she has a lawful right to possession of the property, including proof that the property is not the subject of forfeiture proceedings.  Id.  She has not carried her burden.  The proper forum for Ms. Bluearm to litigate her right to possession of the $3,000 at issue is within the confines of the forfeiture proceedings.  Ms. Bluearm makes no allegation that the forfeiture proceedings do not provide her with equitable or just means to assert her claim or an adequate remedy at law.

Under the civil forfeiture statutes, the government has 90 days to consider whether to initiate a forfeiture action by filing a complaint.  18 U.S.C. § 983.  If it does not do so, it must promptly return the property absent an extension of the 90-day deadline.  18 U.S.C. § 983(a)(3)(B).  It has not yet been 90 days since the government seized the property at issue.  That deadline will arrive on July 13, 2022.  Under the law, then, the government has until July 13 to determine whether it will seek forfeiture of the property at issue.  Accordingly, it is hereby

ORDERED that Ms. Bluearm's motion for return of property pursuant to Fed. R. Crim. P. 41(g) [Docket Nos. 22 & 23] is denied.

DATED this 12th day of May, 2022.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY

United States Magistrate Judge